IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **MATS JARLSTROM**, an individual,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>**CITY OF BEAVERTON**, an Oregon municipal corporation,<br><br>　　　　Defendant. | Case No. 3:14-cv-00783-AC<br><br>**OPINION AND ORDER** |

**Michael H. Simon, District Judge.**

　　United States Magistrate Judge John V. Acosta issued Findings and Recommendation in this case on August 26, 2014. Dkt. 27. Judge Acosta recommended that (1) Defendant's motion to dismiss be granted; (2) Plaintiff's motion to amend the complaint be denied; and (3) the case be dismissed with prejudice.

　　Under the Federal Magistrates Act ("Act"), the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1)(C). If a party files objections to a magistrate's findings and recommendations, "the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.*; Fed. R. Civ. P. 72(b)(3).

PAGE 1 – OPINION AND ORDER

For those portions of a magistrate's findings and recommendations to which neither party has objected, the Act does not prescribe any standard of review. *See Thomas v. Arn*, 474 U.S. 140, 152 (1985) ("There is no indication that Congress, in enacting [the Act], intended to require a district judge to review a magistrate's report to which no objections are filed."); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) (holding that the court must review de novo magistrate's findings and recommendations if objection is made, "but not otherwise"). Although in the absence of objections no review is required, the Act "does not preclude further review by the district judge[] *sua sponte* . . . under a *de novo* or any other standard." *Thomas*, 474 U.S. at 154. Indeed, the Advisory Committee Notes to Fed. R. Civ. P. 72(b) recommend that "[w]hen no timely objection is filed," the Court review the magistrate's recommendations for "clear error on the face of the record."

Plaintiff timely filed an objection, Dkt. 32, to which Defendant responded. Dkt. 36. Defendant also timely filed a limited objection, Dkt. 35, to which Plaintiff responded. Dkt. 37. Plaintiff objects to the treatment of Defendant's jurisdictional challenge as a factual attack; to the finding that Plaintiff has not adequately established subject-matter jurisdiction; and to the recommendation that the case be dismissed with prejudice. Defendant objects that Judge Acosta also should have addressed Defendant's alternative argument that Plaintiff failed to state a claim for relief.

The Court has reviewed *de novo* Judge Acosta's Findings and Recommendation, as well as Plaintiff's and Defendant's objections, both responses, and the underlying briefing in this case. The Court largely agrees with Judge Acosta's reasoning and adopts Judge Acosta's Findings and Recommendation, supplemented as follows.

A.  **Evidence Not Presented to the Magistrate Judge**

In support of his objections, Plaintiff has included two new declarations and four new exhibits. "[A] district court has discretion, but is not required, to consider evidence presented for the first time in a party's objection to a magistrate judge's recommendation." *United States v. Howell*, 231 F.3d 615, 621 (9th Cir. 2000). Plaintiff could have provided this information for Judge Acosta to consider, and Plaintiff offers no reason why this evidence was not presented to Judge Acosta. Accordingly, the Court declines to consider this new evidence.

B.  **Facial and Factual Challenges to Standing**

A motion to dismiss for lack of subject-matter jurisdiction brought under Federal Rule of Civil Procedure 12(b)(1) may be either "facial" or "factual." *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). A facial attack on subject-matter jurisdiction is based on the premise that the allegations in the complaint, accepted as true, are insufficient to invoke federal jurisdiction. *Id.* By contrast, in a factual attack, "'the challenger disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction.'" *Pride v. Correa*, 719 F.3d 1130, 1133 n.6 (9th Cir. 2013) (quoting *Safe Air for Everyone*, 373 F.3d at 1039). When a defendant factually challenges the plaintiff's assertion of jurisdiction, a court does not presume the truthfulness of the plaintiff's allegations and may consider evidence extrinsic to the complaint. *Terenkian v. Republic of Iraq*, 694 F.3d 1122, 1131 (9th Cir. 2012); *Safe Air for Everyone*, 373 F.3d at 1039. A factual challenge "can attack the substance of a complaint's jurisdictional allegations despite their formal sufficiency." *Dreier v. United States*, 106 F.3d 844, 847 (9th Cir. 1996) (citation and quotation marks omitted).

In this case, Judge Acosta treated Defendant's subject-matter jurisdiction challenge as a factual attack. Defendant, however, did not dispute the truth of Plaintiff's allegations or offer extrinsic evidence; rather, Judge Acosta determined that a declaration provided by Plaintiff, the

PAGE 3 – OPINION AND ORDER

non-movant, converted the attack into a factual one. Judge Acosta accordingly determined that Plaintiff's allegations need not be presumed true. Plaintiff argues that this was improper.

Generally, the *movant* offers the extrinsic evidence that constitutes a factual attack. *See Safe Air for Everyone*, 373 F.3d at 1039 ("[I]n a factual attack, the *challenger* disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction." (emphasis added)). Plaintiff argues that because Defendant's motion did not attack the substance of his allegations, Defendant's attack *could not* have been factual, and Plaintiff's allegations should therefore have been accepted as true. Defendant, on the other hand, correctly points out that under a facial analysis, Judge Acosta would not have considered Plaintiff's declaration, which contains additional factual matter to support Plaintiff's standing.

Whether a non-movant can convert a jurisdictional challenge from facial to factual by submitting extrinsic evidence is unclear. What is clear, however, is that the legal standard used was inconsequential to the outcome: Even under the standard for a facial attack, Plaintiff's allegations fail to establish standing.

## C. Standing Under a Facial Analysis

To successfully demonstrate standing, a plaintiff seeking injunctive relief must show that "it has suffered an 'injury in fact' that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical." *Friends of the Earth, Inc. v. Laidlaw Environmental Services, Inc.*, 528 U.S. 167, 180 (2000). "[A]n injury is 'actual or imminent' where there is a 'credible threat' that a probabilistic harm will materialize." *Natural Res. Def. Council v. EPA*, 735 F.3d 873, 878 (9th Cir. 2013) [hereinafter *NRDC v. EPA*]. The imminence requirement "'ensure[s] that the alleged injury is not too speculative for Article III purposes—that the injury is *certainly* impending.'" *Clapper v. Amnesty Int'l USA*, 133 S. Ct. 1138, 1147 (2013) (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 565 n.2 (1992)) (emphasis in original). To survive

PAGE 4 – OPINION AND ORDER

a facial attack, a plaintiff's allegations must "*plausibly* suggest" a credible threat of injury "such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011) (emphasis added); *see Terenkian*, 694 F.3d at 1131 (holding that the standard for a facial jurisdictional challenge is the same as that for a motion to dismiss on the pleadings).

Plaintiff argues, first, that Judge Acosta erred by requiring Plaintiff to *establish*, at the motion-to-dismiss stage, that the yellow lights are dangerous. Although a complaint need not provide "detailed factual allegations," it must contain "more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Regardless of whether the motion is treated as a facial or factual attack, a court is not required to presume the truthfulness of allegations—including allegations of a threat of injury—that are mere legal conclusions. Just as Plaintiff's complaint must plausibly suggest his entitlement to relief, it must plausibly suggest his standing to sue in federal court.

Plaintiff next objects to the finding that, in order to allege a credible threat of imminent injury, he assumed that other drivers would violate the traffic laws—which, under *City of L.A. v. Lyons*, 461 U.S. 95, 103 (1983), he may not do. Plaintiff argues that under the "correct legal standard," he adequately alleged that even drivers complying with Oregon law present an imminent risk of future injury to Plaintiff. In particular, Plaintiff points to his allegation that "*pedestrians* . . . may be entering the intersection with a green light before a vehicle attempting to *safely* drive through an intersection during the yellow light interval has sufficient time to accomplish that transit." Compl. ¶ 12 (emphases added).

PAGE 5 – OPINION AND ORDER

Plaintiff argues that his use of the word "safely" mirrors the statutory requirement that drivers drive "cautiously" through yellow signals,[1] and that unlike drivers, pedestrians with a walk signal have a superior right of way to drivers having entered the signal on a yellow light.[2] Plaintiff maintains, therefore, that under the facial-attack standard, he adequately alleged a credible threat of imminent injury even if drivers comply with the traffic laws. Essentially, Plaintiff argues that the following sequence of events could occur:

1. A car is too near an intersection to stop safely;
2. The traffic signal for the car turns yellow;
3. The car proceeds through the intersection as cautiously as it can;
4. Before the car has cleared the intersection, the signal permits a pedestrian to travel perpendicular to the car on the far side of the intersection;
5. The car, despite travelling safely, has insufficient time to stop without hitting the pedestrian.

The Court is unconvinced. To be sure, Plaintiff has alleged a plausible scenario, and under a facial-attack analysis, the Court accepts that such a scenario could occur. But, for purposes of standing, Plaintiff must allege that the short yellow-light intervals create a credible threat of imminent injury *to him*. And what the Court cannot accept is that *Plaintiff* is threatened with an injury that is "certainly impending." *Cf. Clapper*, 133 S. Ct. at 1147. A "highly attenuated chain of possibilities" must come to pass before Plaintiff might be injured. *Cf. id.* at 1148. Thus, even under the facial-attack standard, Plaintiff's claimed threat of injury is too

---

[1] Or. Rev. Stat. § 811.260(4) provides that if a driver cannot stop in safety at a yellow signal, the driver may drive "cautiously" through the intersection.

[2] Or. Rev. Stat. § 811.260(1) requires drivers facing a green light to "yield the right of way to other vehicles within the intersection at the time the green light is shown."

PAGE 6 – OPINION AND ORDER

conjectural or hypothetical to establish standing. Therefore, Judge Acosta properly found that Plaintiff has not met his burden of pleading facts sufficient to establish a credible threat of injury.

### D.  Dismissal With Prejudice

Plaintiff additionally argues that Judge Acosta erred in recommending that Plaintiff's claim be dismissed with prejudice and without granting him leave to amend his complaint. Plaintiff rightly observes that a party may amend its pleading once as a matter of course within certain time limits, Fed. R. Civ. P. 15(a), and that absent delay, prejudice, bad faith, or previous amendments, leave to amend may be denied only when amendment would be futile. *See United States v. Corinthian Colleges*, 655 F.3d 984, 995 (9th Cir. 2011). But leave to amend here would indeed be futile.

Judge Acosta determined that the allegations in the proposed First Amended Complaint would be insufficient to cure Plaintiff's lack of standing. He did not squarely find that Plaintiff's allegations could not be cured "by any amendment," *cf. Corinthian Colleges*, 655 F.3d at 995, but this Court now so holds. Plaintiff's inability to demonstrate injury is no mere technicality: Plaintiff's claim that the yellow-light intervals in Beaverton are too short is, at base, a generalized grievance. The relief Plaintiff seeks "no more directly and tangibly benefits him than it does the public at large"; what Plaintiff aims to vindicate is merely "every citizen's interest in proper application of the Constitution and laws." *See Lexmark Int'l, Inc. v. Static Control Components, Inc.*, 134 S. Ct. 1387 n.3 (2014) (quoting *Defenders of Wildlife*, 504 U.S. at 573-74). Accordingly, Plaintiff's grievance is of the sort that "the Constitution leaves for resolution through the political process."[3] *Cf. Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 97 n.2

---

[3] It is of no moment that Plaintiff's grievance is not shared by American citizens at large. Plaintiff shares his grievance with all residents of the City of Beaverton, and the residents of the City of Beaverton share a political process through which to resolve such grievances.

PAGE 7 – OPINION AND ORDER

(1998); *see generally Defenders of Wildlife*, 504 U.S. at 574-78 (collecting cases and explaining their reasoning). No rearrangement of words on paper or exposition of equations and formulae can reify Plaintiff's injury. For this reason, Judge Acosta properly determined that amendment would be futile, and this Court adopts his recommendation that Plaintiff's claim be dismissed with prejudice.

### E. Defendant's Limited Objection

Defendant objects to Judge Acosta's decision to the extent that it did not also address Defendant's alternative argument under Federal Rule of Civil Procedure 12(b)(6) that Plaintiff failed to state a claim for relief. Because Plaintiff lacks subject-matter jurisdiction under Rule 12(b)(1), the Court need not address the merits of the claim. *See Strand v. California*, 1989 WL 124101, at *1 (9th Cir. 1989) (declining to address the merits of a claim where "the district court correctly found subject-matter jurisdiction absent"); *e.g.*, *Orient v. Linus Pauling Inst. of Sci. & Med.*, 936 F. Supp. 704, 708 (D. Ariz. 1996). Indeed, it would be improper to do so. When a court determines that it lacks subject-matter jurisdiction, it has no authority then to adjudicate the merits of the case. *Willy v. Coastal Corp.*, 503 U.S. 131, 137 (1992) (noting that "[a] final determination of lack of subject-matter jurisdiction of a case in a federal court, of course, precludes further adjudication of it.").

### CONCLUSION

The Court ADOPTS Judge Acosta Findings and Recommendations (Dkt. 27), as supplemented herein. For the reasons set forth in Judge Acosta's Findings and Recommendation, as supplemented above, Plaintiff's motion for leave to amend his complaint (Dkt. 16) is DENIED and Defendant's motion to dismiss (Dkt. 11) is GRANTED. Plaintiff's claim is DISMISSED with prejudice.

**IT IS SO ORDERED.**

DATED this 27th day of October, 2014.

/s/ Michael H. Simon
Michael H. Simon
United States District Judge

PAGE 9 – OPINION AND ORDER